UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MALIK COLEY,

Plaintiff,

-against-

COUNTY OF NASSAU and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

Plaintiff MALIK COLEY, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MALIK COLEY is a twenty-five-year-old man residing in the State of New York.

7. Defendant COUNTY OF NASSAU was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant COUNTY OF NASSAU maintains the Nassau County Correctional Center, which is staffed by Nassau County Correction Officers employed by the Nassau County Sheriff's Department (hereinafter "NCSD"), a duly authorized public authority authorized to perform all functions of a correction department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF NASSAU.

9. That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn correction officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF NASSAU.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

## FACTS

12. Plaintiff's claims arise from an incident that occurred on November 12, 2023, while plaintiff was a pre-trial detainee being held in the care custody and control of the COUNTY OF NASSAU, at the Nassau County Correctional Center, located at 100 Carman Ave, East Meadow, New York.

13. On the aforementioned date, beginning at approximately 12:00 p.m., plaintiff was in Dorm E1E of the Nassau County Correctional Center.

14. Plaintiff was in the process of getting his lunch when he engaged in a verbal exchange with a defendant Nassau County Correction Officer.

15. Despite the fact that plaintiff neither presented a threat to the defendant officer nor to anyone else, the defendant officer put his hands around plaintiff's back, grabbed plaintiff's arm, put him in an arm lock, and bent plaintiff's arm back.

16. Plaintiff was then unreasonably thrown on the ground and the defendant officer proceeded to strike plaintiff.

17. Approximately, two additional defendant officers also approached and punched and kicked plaintiff.

18. Plaintiff was kicked and/or punched in the eye, face, nose, and right side of his face.

19. The defendant officers then dragged plaintiff upstairs to his cell, cell 48.

20. Plaintiff was bleeding from, without limitation, his nose, and his left eye was swollen, and he was in severe pain.

21. Plaintiff immediately asked for medical attention, but his requests were ignored.

22. Eventually, on November 14, 2023, plaintiff was transported to Nassau University

Medical Center, located at 2201 Hempstead Turnpike, East Meadow, New York, so he could be medically cleared before court.

23. Plaintiff was informed that he had sustained inferior and medial posterior orbital wall fractures, with subconjunctival hemorrhage, a preseptal soft tissue laceration, and subcutaneous emphysema.

24. Defendants JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the above despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise directly participated in the aforementioned misconduct.

25. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff MALIK COLEY of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, with the entire actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the COUNTY OF NASSAU and the NCSD, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

30. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the COUNTY OF NASSAU, including, without limitation, the inadequate screening, hiring, training, and supervising its employees, and pursuant to customs or practices of officers at Nassau County Correctional Center using excessive force.

31. The aforesaid event is not an isolated incident. Defendant COUNTY OF NASSAU is aware from among other sources, lawsuits, prior incidents, notices of claims, and complaints filed with the COUNTY OF NASSAU and NCSD that many correction officers and employees, including the defendants, are insufficiently trained regarding the use of force against inmates, and/or that they engage in a widespread practice of excessive force.

32. Defendant COUNTY OF NASSAU is further aware that such improper training and practices have often resulted in a deprivation of civil rights. Despite such notice, defendant COUNTY OF NASSAU has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

33. Moreover, upon information and belief, defendant COUNTY OF NASSAU was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as correction officers. Despite such notice, defendant COUNTY OF NASSAU has retained these officers, and failed to adequately train and supervise them.

34. As a result of the foregoing, plaintiff MALIK COLEY sustained, *inter alia*, serious physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff MALIK COLEY'S constitutional rights.

37. As a result of the aforementioned conduct of defendants, plaintiff MALIK COLEY was subjected to excessive force and sustained serious physical injuries and emotional distress.

38. As a result of the foregoing, plaintiff MALIK COLEY is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants had an affirmative duty to intervene on behalf of plaintiff MALIK COLEY, whose constitutional rights were being violated in their presence by other officers.

41. Defendants failed to intervene to prevent the unlawful conduct described herein.

42. As a result of the foregoing, plaintiff MALIK COLEY was subjected to excessive force, and he was put in fear of his safety.

43. As a result of the foregoing, plaintiff MALIK COLEY is entitled to compensatory

damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THRID CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

46. As a result of the foregoing, plaintiff MALIK COLEY is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49. The COUNTY OF NASSAU and NCSD engaged in a policy, custom or practice of using excessive force and inadequate screening, hiring, retaining, training, and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff

MALIK COLEY'S rights as described herein. As a result of the failure of the COUNTY OF NASSAU to properly train, discipline, and supervise its officers, defendant COUNTY OF NASSAU has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

50. The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF NASSAU and the NCSD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff MALIK COLEY.

51. The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF NASSAU and the NCSD were the direct and proximate cause of the constitutional violations suffered by plaintiff MALIK COLEY as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF NASSAU and the NCSD were the moving force behind the Constitutional violations suffered by plaintiff MALIK COLEY as alleged herein.

53. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF NASSAU and the NCSD, plaintiff MALIK COLEY was subjected to physical abuse.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MALIK COLEY'S constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiff MALIK COLEY of federally protected rights, including, but not limited to, the right:

A. To be free from excessive force; and

B. To be free from the failure to intervene.

56. As a result of the foregoing, plaintiff MALIK COLEY is entitled to compensatory

damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the COUNTY OF NASSAU, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

59. The COUNTY OF NASSAU has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

61. Plaintiff has complied with all conditions precedent to maintaining the instant action.

62. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. As a result of the foregoing, plaintiff MALIK COLEY was placed in apprehension of imminent harmful and offensive bodily contact.

65. As a result of defendants' conduct, plaintiff MALIK COLEY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

66. The individually named defendants assaulted plaintiff. Defendant COUNTY OF NASSAU, as employer of each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

67. As a result of the foregoing, plaintiff MALIK COLEY is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants made offensive contact with plaintiff MALIK COLEY without privilege or consent.

70. As a result of defendants' conduct, plaintiff MALIK COLEY suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71. Defendant COUNTY OF NASSAU, as employer of each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

72. As a result of the foregoing, plaintiff MALIK COLEY is entitled to compensatory

damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Upon information and belief, defendant COUNTY OF NASSAU failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered plaintiff MALIK COLEY.

75. Defendant COUNTY OF NASSAU knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

76. As a result of the foregoing, plaintiff MALIK COLEY is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Upon information and belief, the defendant COUNTY OF NASSAU failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff.

79. As a result of the foregoing, plaintiff MALIK COLEY is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff MALIK COLEY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
February 8, 2025

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff MALIK COLEY
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: Brett Klein
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

MALIK COLEY,

Plaintiff,

-against-

COUNTY OF NASSAU and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132